Judge Underwood,
delivered the opinion of the court.
This record presents the following case. In-1792, John Reed, the ancestor of the appellants, conveyed to Samuel Hornback two hundred and five acres of land, for the consideration of £110., In 1804 George Smith recovered in an action of ejectment, the land, a part thereof so conveyed by Reed to Horn-back. Daniel Hornback, Samuel Hornback, Adam Hornback and John Reed, were admitted as, defendants in the action of ejectment instituted by Smith, and the recovery was had against them.
*376 In 1811, Samuel Hornback executed a deed, conveying to Adam Hornback seventy seven acres, part of said two hundred and five acres. The deed from Reed to Horn-back, contains this clause, “If in case, any part of the land above mentioned should ■ be taken by any other claim, the said Reed obliges himself to furnish the said Hornback with land of equal quality, and in as convenient a part of the county, and he the said John Reed for himself, his heirs, executors, administrators and assigns doth warrant and forever defend the said land, and premises above mentioned, sold agreeably" to tha above contract.” It seems that the defendants in the ejectment, or a part of them injoined the judgment against them. How this injunction was finally disposed of, does not satisfactorily appear, because the record is not given, although referred to, nor do we conceive it to be very important in this case.
In February, 1819, Adam Hornback and Weathers Smith, w'ho had become entitled to the land recovered in the ejectment, made an agreement, hy which Horn-back was to give Smith possession of twenty eight and a half acres of land, recovered by said Smith, in the Bourbon circuit court, in November, 1818. ' This last date may have been the time when the injunction was dissolved, as to part of the land recovered in the action of ejectment. The demise laid in the declaration, expired the 10th of June, 1819. Under the foregoing circumstances, • Adam Hornback, the appellee, filed his bill against Reed’s heirs and administrators, praying, that they might be compelled to set apart tw,enty eight and a half acres of land, out of the real estate descended, and convey the same in satisfaction oí the covenant of their ancestor contained in his deed to Samuel Horn-back; and if that could not be done then, that the representatives of Reed might be compelled to make compensation' for the lost land. The court decreed, that the defendants should set apart twenty eight and a half acres of land in the county, out of the lands descended, deliver possession, and convey’ the same to the appellee. To reverse this decree, the appellants have brought the case to this court.
Various questions are made in the arguments of counsel. Such oply will be noticed as are deemed important.
Specific exe faecenforced, unless parties per'ti0ular tract oflana which is to the^ontract35 furnish the means ofiffen certainty the land to be convoyed,
Covenants running with a* ¿"se|lwiih-y out genera! warranty, to .^ntor.
It is contended in the first place, that a court 'of chancery had no jurisdiction. The bill does not state any circumstance upon which the jurisdiction of the chancellor ordinarily attaches, beyond the design manifested to enforce specifically, that part of the covenant which stipulates to substitute or furnish other lands in the place of so much as may be taken by another claim, We are of opinion, that the stipulation is not of character, which a court of chancery can or ought to enforce specifically. There can be-no specific execution of a contract, in respect to land, unless the parties have described and identified the particular tract, which is to pass from one to the. other; or unless the contract furnishes the means of identifying the land to be conveyed with certainty. In this case, no particular tract entered into the contemplation of the parties, as the substitute to be given, in case the land conveyed of ány part of it should be lost. To attempt the enforcement of such a contract specifically, would be to indulge in a latitude of discretion, which we have not known allowed in any similar case heretofore adjudged.
If Reed had many tracts of land in the county of Bourbon, out of which shall the twenty eight anda half acres be taken? Who shall judge whether the land is of equal quality, and as conveniently situated? Suppose Reed or his heirs by descent had but one tract, and that should surround Paris. Itsqualitymight be superior, and its situation more desirable in the opinion of nine hundredths of the population of the county. Shall Reed’s heirs convey the twenty eight and a half acres out of this, their only tract greatly superior in soil and situation, and much more valuable than that which was lost? Suppose Reed’s heirs have no lands which they could substitute of equal quality, and situated as conveniently; shall they be compelled to give lands of superior quality, if they have them? The difficulty of measuring equity, and accommodating it to the diversified condition of things, should induce the chancellor, in cases like this, to refuse to locate lands for the parties. The case is like a contract to convey so many acres of land of a certain quality in Kentucky, or the United States; for the restriction to the county of Bourbon cannot alter the principle. Will the chancellor compel the obligor to fulfil the contract bv conveying, if he ' *378 refuses? We see no reason founded in policy, and we know of no precedent; and therefore, in such cases, the party aggrieved should be left to his remedy at law. It follows, that the decree in this case, for a specific execution of the contract is unwarranted.
Vendee of land to preserve his recourse, is not bound, after eviction by paramount title, to go into chancery, or further to litigate. If vendee submit to the judgment, it is equal to an actual eviction bv habere facias. No other evidence of a legal eviction is required than the judgment of the court.
Petition for a re-hearing.
Talbot, for plaintiff; Mills and Brown, for defendants.
We are of opinion, that Adam Hornback may, in virtue of his deed from Samuel Hornback, avail himself at law, of the covenants contained in the deed from Reed to said Samuel; see Cummins vs. Kennedy, III Littell’s Rep. 118.
The release relied on, cannot affect the remedy of Adam Hornback, because it was not executed by Samuel Hornback, until after he had executed the deed to Adam Hornback.
We do not perceive that Adam Hornback has lost any of his right to recourse upon Reed’s representatives, in consequence of the contract made between him and Smith. The vendee’s remedy is complete, so soon as he is evicted by title paramount. It is not his duty to go into chancery, or to litigate further. If he submit to the judgment, it is equal to an actual eviction by the habere facias. No other evidence of a legal eviction is required, than the judgment of the court; see Ratcliff vs. Ship, Hard. 292.
The decree of the circuit court is reversed, and the cause remanded, with directions to dismiss the bill without prejudice. The appellants must recover their costs,.